# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| IN RE:<br><br>BRIAN SCOTT HODGE<br>LAURA BETH HODGE<br><br>Debtors. | CASE NO. 25-01128-JAW<br>CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), by and through counsel, and for its Objection to Confirmation of Chapter 13 Plan, states as follows:

1. Brian Scott Hodge and Laura Beth Hodge ("Debtors") commenced the above-captioned bankruptcy case on May 1, 2025 ("Petition Date") by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. GM Financial is a secured creditor of the Debtors by virtue of a Retail Installment Sale Contract ("Contract") dated October 31, 2022 for the purchase of a 2019 Chevrolet Traverse, VIN 1GNERHKW1KJ129168 ("Vehicle"), which Contract was assigned to GM Financial.

3. On the Petition Date, the payoff amount owed to GM Financial under the Contract was $21,584.64, as evidenced by GM Financial's timely filed Proof of Claim.

4. The Debtors' Chapter 13 Plan ("Plan") proposes to value the Vehicle at $12,112.00, which secured claim amount is to be paid through the Plan together with interest of 10.00%.

5.     The J.D. Power retail value of the Vehicle, using mileage provided in plan, is $18,475.00.  A true and correct copy of the J.D. Power Value Report for the Vehicle is attached hereto and incorporated herein.

6.     Pursuant to 11 U.S.C. § 506(a)(2), the value of the Vehicle shall be determined based on the replacement value of such property.  Section 506(a)(2) further provides that replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property.

7.     The Plan does not meet the requirements of 11 U.S.C. §§ 1325(a)(1) and (5) in that the Plan does not propose to pay GM Financial the retail value of the Vehicle together with *Till* interest in equal monthly amounts.

8.     The Plan does not meet the requirements of 11 U.S.C. § 1325(a)(1), in that the Plan does not provide for adequate protection as required by 11 U.S.C. § 361 and 11 U.S.C. § 1326(a)(1).

WHEREFORE, the above premises considered, GM Financial prays that:

(a)    Confirmation of the Debtors' Chapter 13 Plan be denied; and

(b)    GM Financial be granted such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Jacob Zweig
Jacob Zweig (MS Bar No. 104725)
Attorney for GM Financial
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 271-0726
jzweig@evanspetree.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of July, 2025, a copy of the foregoing electronically filed Objection to Confirmation of Chapter 13 Plan was served on the parties listed below by first-class mail, postage-prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Thomas Carl Rollins, Jr.
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236

Brian Scott Hodge
132 Provonce Park
Brandon, MS  39042

Laura Beth Hodge
132 Provonce Park
Brandon, MS  39042

Torri Parker Martin
Chapter 13 Trustee
200 North Congress Street, Suite 400
Jackson, MS 39201

/s/ Jacob Zweig
Jacob Zweig (MS Bar No. 104725)
Attorney for GM Financial
Evans Petree PC